<u>NOT RECOMMENDED FOR PUBLICATION</u>

No. 23-3833

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Feb 13, 2025
KELLY L. STEPHENS, Clerk

| | |
|---|---|
| DONIELL Y. DUNCAN, ) | |
| ) | |
| Plaintiff-Appellant, ) | |
| ) | ON APPEAL FROM THE UNITED |
| v. ) | STATES DISTRICT COURT FOR |
| ) | THE NORTHERN DISTRICT OF |
| LOURDES UNIVERSITY, ) | OHIO |
| ) | |
| Defendant-Appellee. ) | |

<u>O R D E R</u>

Before: WHITE, STRANCH, and BUSH, Circuit Judges.

Doniell Duncan, proceeding pro se, appeals the district court's judgment in favor of Lourdes University on her employment-discrimination claims. Duncan also moves for leave to amend and refile her complaint. This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a). For the following reasons, we affirm.

Duncan began working at Lourdes in April 2018 as an academic-success specialist. In May 2018, Duncan had a meeting with Alisa Smith, her immediate supervisor. During this meeting, Smith warned Duncan against dating a Lourdes business school student whom Duncan had met several times and had texted occasionally. Smith included Brittany Kuhr, another Lourdes employee, in the meeting by putting her on speaker phone. The next day, Smith made another comment about avoiding a relationship with the student. In the summer of 2018, Duncan expressed dissatisfaction with her role to the Human Resources Director, Beverly Sanders, and complained about Smith's "unprofessional behavior." Duncan never formally reported any harassment. In

November 2018, Smith issued Duncan a formal written warning for tardiness and attendance issues.

The next month, Duncan filed an internal sexual harassment complaint and dual-filed a charge with the Ohio Civil Rights Commission and the Equal Employment Opportunity Commission (EEOC) alleging sex discrimination and harassment. Sanders investigated the issue and did not substantiate the allegations. But Sanders did speak with Smith, who agreed to be more sensitive about certain conversations with Duncan.

In April 2019, Lourdes's Accessibility Coordinator, Sara Soper, approved testing accommodations for a student recovering from an unexpected surgery. Duncan emailed Smith and Soper, expressing concern that the student's accommodations violated testing center policy because the student failed to make the request more than one week in advance. Both replied that the exception was appropriate given the circumstances. A few hours later, Duncan emailed the student, with Smith and Soper copied, explaining that the student would not receive all the requested accommodations.

Smith spoke with Duncan about the incident, telling her that her email reflected poor judgment and disobeyed her instruction. Smith emailed Duncan a summary of their conversation along with instructions to seek her approval before sending any more emails to students. In reply, Duncan denied any wrongdoing, accused Smith and Soper of changing her job duties, and requested a formal notification from Human Resources before following Smith's guidelines regarding her work email usage. Smith forwarded the email exchange to Sanders, and Sanders then recommended that Lourdes terminate Duncan's employment. Sanders met with Duncan to communicate Lourdes's decision and give her an opportunity to resign. On May 1, 2019, Duncan resigned.

After resigning, Duncan dual-filed a second charge with the Ohio Civil Rights Commission and the EEOC alleging that Lourdes retaliated against her for filing her first charge. In November 2020, Duncan sued Lourdes, bringing sexual harassment and retaliation claims under Title VII of

the Civil Rights Act of 1964, 42 U.S.C. 2000e-2 *et seq.*, and analogous provisions of Ohio law, Ohio Rev. Code § 4112.01 *et seq.*

Following discovery, the district court granted Lourdes's motion for summary judgment. In granting summary judgment, the court determined that Duncan did not show that she had exhausted her administrative remedies for her Title VII sexual harassment claims and that she failed to make out a claim of sexual harassment under Ohio law. The district court then determined that Duncan failed to make a prima facie case of retaliation and that, in any event, she could not show that Lourdes's proffered reasons for the adverse employment action were a pretext for discrimination. The court also denied Duncan's various motions, including for recusal and to amend the complaint. The district court later denied Duncan's motion for reconsideration.

On appeal, Duncan argues that she experienced disparate treatment, sexual harassment, and retaliation. She also argues that the district court violated her due process rights, displayed bias against her, and erred in denying her motions for reconsideration and recusal.

We review de novo the district court's order granting summary judgment. *See Smith v. City of Troy*, 874 F.3d 938, 943 (6th Cir. 2017) (per curiam). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A court reviewing a summary-judgment motion must draw all reasonable inferences in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

I. <u>Sexual harassment</u>

First, Duncan argues that she was sexually harassed while employed by Lourdes. Title VII and Ohio law both prohibit employment discrimination "because of . . . sex." 42 U.S.C. § 2000e-2(a)(1); Ohio Rev. Code § 4112.02(A). And employment discrimination claims under the Ohio Civil Rights Act are generally subject to the same standards as claims under the federal employment-discrimination statutes. *See Derungs v. Wal-Mart Stores, Inc.*, 374 F.3d 428, 434 (6th Cir. 2004).

To pursue a Title VII action, a plaintiff must first exhaust her administrative remedies by filing a timely charge of employment discrimination with the EEOC and obtaining a right-to-sue letter. *See* 42 U.S.C. § 2000e-5(e)(1), (f)(1). The district court granted summary judgment to Lourdes on Duncan's Title VII claim, reasoning that because Duncan failed to provide her right-to-sue-letter from her first EEOC charge, it was unable to conclude that she exhausted her administrative remedies as to her harassment claim. Duncan does not challenge this finding on appeal or point to anything in the record that would allow us to determine that she properly exhausted her claims. *See* § 2000e-5(e)(1) (noting that, to file a timely charge, the plaintiff must file her claim within 300 days "after the alleged employment practice occurred"). To the extent that she claims the EEOC was biased against her, she has failed to substantiate these allegations.

At the time Duncan filed her complaint, Ohio law did not require plaintiffs to exhaust sexual harassment claims before filing suit.[1] Accordingly, we ask whether Duncan presented sufficient evidence to establish a prima-facie case of state-law sexual harassment. To establish a prima facie hostile-work-environment claim, Duncan needed to present evidence that (1) she belonged to a protected class; (2) she was subjected to harassment on the basis of her protected status; (3) the harassment had the effect of unreasonably interfering with her work performance and creating an objectively intimidating, hostile, or offensive work environment; and (4) there exists some basis for liability on the part of the employer. *Grace v. USCAR*, 521 F.3d 655, 678 (6th Cir. 2008). In this context, harassment in the workplace constitutes discrimination where the conduct was "severe" or "pervasive." *Ohio Civ. Rts. Comm'n. v. Akron Metro Hous. Auth.*, 892 N.E.2d 415, 419 (Ohio 2008). To determine whether harassment qualifies as severe or pervasive, we "look[] at all the circumstances," including "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Hampel Food Ingredients Specialties, Inc.*, 729 N.E.2d 726, 735 (Ohio 2000) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993)). "Isolated incidents, . . . unless extremely serious, will not amount

---

[1] *See* Ohio Rev. Code § 4112.052(B) (effective Apr. 15, 2021).

to discriminatory changes in the terms or conditions of employment." *Bowman v. Shawnee State Univ.*, 220 F.3d 456, 463 (6th Cir. 2000).

Duncan failed to establish a prima facie case of discrimination because Lourdes did not subject her to "severe" or "pervasive" harassment. *Ohio Civ. Rts. Comm'n.*, 892 N.E.2d at 419. During her deposition, Duncan elaborated on comments she overheard from her colleagues and students that they did not like her, that she did not deserve her job, that she was wrong for turning down the advances of a colleague, and that she was wrong for not dropping her charges against the university. Specifically, a student stated that Duncan did not look "sexy"; a colleague commented that, due to her age, she should be trying to get married and have a baby; a student worker criticized her for turning down a colleague, noting that "getting laid is how people handle their problems"; and a student commented that people only like Duncan for her body. These incidents—while disturbing—"amount[] to 'mere offensive utterances,' which are not actionable." *Clay v. United Parcel Serv., Inc.*, 501 F.3d 695, 708 (6th Cir. 2007). The district court properly granted summary judgment to Lourdes on Duncan's sexual harassment claims.

II. Retaliation

Second, Duncan argues that Lourdes forced her to resign in retaliation for her sexual harassment complaints. To avoid summary judgment on her retaliation claims, Duncan had to produce evidence creating a triable issue of fact on each of the following elements: "(1) [s]he was engaged in a protected activity, (2) the defendant knew this, (3) the defendant took an adverse employment action against [her] after the protected conduct, and (4) there was a causal connection between the protected conduct and an adverse employment action taken by the defendant." *Blount v. Stanley Eng'g Fastening*, 55 F.4th 504, 514 (6th Cir. 2022).

Duncan has not produced sufficient evidence of a causal connection between her December 2018 EEOC complaint and her resignation in 2019. The record establishes that Lourdes decided to terminate Duncan's employment because she directly contravened Smith's directive and exercised poor judgment by emailing a student about accommodations, and she then refused to comply with Smith's requested corrective measures. Because "some time elapse[d] between"

Duncan's December 2018 complaint and her May 2019 resignation, Duncan must "couple temporal proximity with other evidence of retaliatory conduct to establish causality." *Mickey v. Zeidler Tool & Die Co.*, 516 F.3d 516, 525 (6th Cir. 2008). Her "conclusory allegations of retaliatory motive" are insufficient to meet her burden. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005). The district court thus properly granted summary judgment to Lourdes on this claim.

    III.    <u>Recusal</u>

Third, Duncan challenges the denial of her recusal motion. Duncan suggests that the district court acted inappropriately by holding ex parte communications with a potential witness, Kuhr, about Duncan's attempts to serve a subpoena on her. We review the denial of a motion to recuse for abuse of discretion. *Alemarah v. Gen. Motors, LLC*, 980 F.3d 1083, 1086 (6th Cir. 2020) (per curiam). A judge must "disqualify himself in any proceeding in which his impartiality might reasonably be questioned" or when "he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(a), (b)(1). Duncan's allegations of bias are conclusory and do not point to any facts to establish that the impartiality of the district court may reasonably be questioned. *See Burley v. Gagacki*, 834 F.3d 606, 615–16 (6th Cir. 2016). The district court did not abuse its discretion in denying the motion.

    IV.    <u>Amend the Complaint</u>

Fourth, Duncan argues that the district court erred by denying her leave to amend her complaint. Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that, except for limited amendments allowed as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Otherwise, the "court should freely give leave when justice so requires." *Id*. Under this standard, leave to amend a complaint may be denied where there is "undue delay, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Unless the district court denies a motion for leave to amend on the basis of futility, we review the denial for abuse of discretion. *Miller v. Champion Enters. Inc.*, 346 F.3d 660, 671 (6th Cir. 2003). The

district court did not abuse its discretion in denying Duncan's request because she waited more than two years after filing her complaint and until after discovery closed and Lourdes filed its dispositive motion. Duncan may not amend her complaint on appeal now. *See Airline Pro. Ass'n of Int'l Bhd. of Teamsters v. Airborne, Inc.*, 332 F.3d 983, 989 (6th Cir. 2003).

    V.    <u>Reconsideration</u>

Next, Duncan challenges the district court's denial of her motion for reconsideration. We review the denial of a Rule 59(e) motion for an abuse of discretion. *See Keith v. Bobby*, 618 F.3d 594, 597 (6th Cir. 2010). To succeed, Duncan must show (1) a clear error of law, (2) newly discovered evidence, (3) an intervening change in controlling law, or (4) a need to prevent a manifest injustice. *Mich. Flyer LLC v. Wayne Cnty. Airport Auth.*, 860 F.3d 425, 431 (6th Cir. 2017). In her motion for reconsideration, Duncan merely reargued her claims, did not present any relevant new evidence, and did not show that she could not have raised her arguments earlier. The district court therefore did not abuse its discretion by denying reconsideration.

For these reasons, we **AFFIRM** the district court's judgment and **DENY** Duncan's motion to amend.

                                               ENTERED BY ORDER OF THE COURT

                                               Kelly L. Stephens, Clerk